# IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### SPRINGFIELD DIVISION

| | | |
|---|---|---|
| **RICHARD DIXON** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 19-3119** |
| | ) | |
| **ANDREW AFFRUNTI,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## OPINION

**SUE E. MYERSCOUGH, U.S. District Judge.**

On May 2, 2019, Plaintiff Richard Dixon, proceeding pro se, filed a Complaint (d/e 1) against Defendant Assistant State's Attorney Andrew Affrunti pursuant to 42 U.S.C. § 1983 seeking money damages and unspecified injunctive and declaratory relief. On June 19, 2019, ASA Affrunti filed a Motion to Dismiss asserting that he is entitled to prosecutorial immunity and the Court should decline to exercise jurisdiction based on <u>Younger v. Harris</u>, 401 U.S. 37 (1971).

The Motion to Dismiss is GRANTED.  ASA Affrunti is entitled to absolute prosecutorial immunity.  In addition, to the extent

Dixon seeks to enjoin the underlying state criminal proceedings, the Court abstains under <u>Younger v. Harris</u>.

## I.   LEGAL STANDARD

A motion under Rule 12(b)(6) challenges the sufficiency of a complaint.  <u>Christensen v. Cty. of Boone, Ill.</u>, 483 F.3d 454, 458 (7th Cir. 2007).  To state a claim for relief, a plaintiff need only provide a short and plain statement of the claim showing he is entitled to relief and provide the defendant fair notice of the claims. <u>Tamayo v. Blagojevich</u>, 526 F.3d 1074, 1081 (7th Cir. 2008).

When considering a motion to dismiss under Rule 12(b)(6), the Court construes the complaint in the light most favorable to the plaintiff, accepting all well-pleaded allegations as true and construing all reasonable inferences in plaintiff's favor.  <u>Id.</u>  Pro se pleadings are construed liberally.  <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972).

## II.   BACKGROUND

The following facts come from the Complaint and are accepted as true at the motion to dismiss stage.  <u>Tamayo</u>, 526 F.3d at 1081.

On May 25, 2017, Dixon was charged with the manufacture and delivery of a controlled substance in Sangamon County Circuit Court Case No. 17-CF-503. ASA Affrunti is directly handling the prosecution, which remains pending.

Dixon alleges that discovery in the state criminal case shows that he is not the individual in the video of a controlled buy that forms the basis of the criminal prosecution. The police report described the "individual" in the video as weighing 160 pounds, but Dixon asserts that he has weighed close to 300 pounds for the past 20 years. Despite evidence showing that Dixon was not the individual who made the controlled buy, Dixon remained in jail until October 13, 2017 when he was released following a bond reduction. (However, Dixon is currently detained on other charges in the case of People v. Dixon, Sangamon Co. 2019-CF-37 as of January 2019. See http://records.sangamoncountycircuitclerk.org/sccc/DisplayDocket.sc (last visited August 5, 2019)). According to Dixon, ASA Affrunti has not moved to dismiss the case, despite Plaintiff's former counsel

telling ASA Affrunti that Dixon is not the individual in the video.[1]

On June 19, 2019, ASA Affrunti filed a Motion to Dismiss the Complaint. ASA Affrunti asserts he is entitled to prosecutorial immunity. He also argues that, to the extent Dixon seeks to enjoin his criminal prosecution, the Court should decline to exercise jurisdiction based on Younger v. Harris. See SKS & Assocs., Inc. v. Dart, 619 F.3d 674, 678 (7th Cir. 2010) (stating that Younger abstention is based on the principles of equity, comity, and federalism and "requires federal courts to abstain when a criminal defendant seeks a federal injunction to block his state court prosecution on federal constitutional grounds"). Finally, ASA Affrunti argues that Dixon has failed to state a claim for which relief may be granted.

In his response, Dixon asserts that the Court must take his allegations as true and that his complaint clearly states a claim for which relief may be granted. Dixon also asserts that the ASA

---

[1] Dixon alleges his defense counsel, Sean Liles, made a motion to withdraw because Liles is representing on a different matter the actual individual in the video of the controlled buy.

Affrunti was not acting within the scope of his duties as a prosecutor when ASA Affrunti continued to prosecute him.

## III.  ANALYSIS

### A.   ASA Affrunti is Absolutely Immune from Dixon's Civil Suit for Damages Under § 1983

Prosecutors are absolutely immune from § 1983 suits for monetary damages for conduct that is "intimately associated with the judicial phase of the criminal process." Imbler v. Pachtman, 424 U.S. 409, 430 (1976).  Conduct that is intimately associated with the judicial phase of the criminal process includes acts taken in the course of the prosecutor's role as an advocate for the State to prepare for the initiation of judicial proceedings or trial.  Buckley v. Fitzsimmons, 509 U.S. 259, 272 (1993).  However, prosecutorial conduct does not include acts that are investigative and unrelated to the preparation and initiation of judicial proceedings.  Id. at 273.

In this case, Dixon alleges that ASA Affrunti, in his role as prosecutor for the State, continued to prosecute Dixon even after discovery purportedly showed Dixon was not the individual in the video of the controlled buy.  However, the decision to continue a prosecution is an action intimately associated with the judicial

process.  Davis v. Zirkelbach, 149 F.3d 614, 617 (7th Cir. 1998)

(holding a decision to continue the prosecution was protected by

absolute immunity even where the prosecution may have rested on

violations of the federal Wiretap Act).  Therefore, ASA Affrunti's

actions are protected by absolute immunity and he is immune from

this civil suit for damages under § 1983.  See Guzman-Rivera v.

Rivera-Cruz, 55 F.3d 26, 31 (1st Cir. 1995) (finding that defendants

were "absolutely immune from civil damages liability for their post-

investigation failure to move for [plaintiff's] release"); Simpson v.

Meijer, Inc., No. 12 C 6217, 2013 WL 3834641, at *7 (N.D. Ill. July

24, 2013) (noting that a prosecutor's decision about whether and

when to drop charges is a decision closely associated with a

prosecutor's judicial functions and warrants absolute immunity).

## B.    The Court Abstains Pursuant to Younger v. Harris

ASA Affrunti next argues that, to the extent Dixon seeks to

enjoin his criminal prosecution, this Court should abstain pursuant

to Younger v. Harris.[2]

---

[2] ASA Affrunti argues that the factors identified in Middlesex Cty. Ethics Comm.
v. Garden State Bar Assoc., 457 U.S. 423, 432 (1982) are met.  Def. Mem. at 7
(citing a case that cites Middlesex).  The Court notes that these factors were

Federal courts cannot enjoin ongoing state criminal proceedings absent extraordinary circumstances.  <u>Younger</u>, 401 U.S. at 41. [3]  Extraordinary circumstances include (1) when the state proceeding is conducted in bad faith or motivated by a desire to harass; (2) an extraordinarily pressing need for immediate relief that, if not granted, will irreparably harm the plaintiff; or (3) where the challenged provision is flagrantly and patently violative of an express constitutional prohibition.  <u>See</u> <u>FreeEats.com, Inc. v. Indiana</u>, 502 F.3d 590, 596-97 (7th Cir. 2007); <u>Jacobson v. Northbrook Mun. Corp.</u>, 824 F.2d 567, 569-70 (7th Cir. 1987).

In this case, nothing suggests the criminal prosecution was motivated by a desire to harass or that it is conducted in bad faith. A plaintiff asserting a bad faith prosecution must allege specific facts showing that the state prosecution "'was brought in bad faith for the purpose of retaliating for or deterring the exercise of

---

developed to determine whether <u>Younger</u> abstention is proper in a noncriminal state proceeding.  If, however, those factors must be considered here, the factors are satisfied because (1) there is an ongoing judicial or judicial-in-nature state proceeding, (2) the proceeding implicates important state interests, and (3) Dixon has an adequate opportunity to raise constitutional challenges in the state court proceeding.

[3] <u>Younger</u> abstention also applies to damages actions.  <u>See</u> <u>Simpson v. Rowan</u>, 73 F.3d 134, 137-38 (7th Cir. 1995).

constitutionally protected rights.'" <u>Collins v. Kendall Cty., Ill.</u>, 807

F.2d 95, 98 (7th Cir. 1986) (quoting <u>Wilson v. Thompson</u>, 593 F.2d

1375, 1383 (5th Cir. 1979)); <u>see</u> <u>also</u> <u>Kugler v. Helfant</u>, 421 U.S.

117, 126 n.6 (1975) (bad faith means a prosecution brought

"without a reasonable expectation of obtaining a valid conviction.").

Dixon makes no such allegations here. Dixon does not allege

that the prosecution was brought for the purpose of retaliating for

or deterring Dixon's exercise of a constitutionally protected right.

Instead, Dixon simply asserts that ASA Affrunti is continuing to

prosecute the case despite evidence that Dixon is not the individual

in the video of the controlled buy. While the Court takes as true,

for purposes of the motion to dismiss, that ASA Affrunti has ignored

evidence Dixon is not the individual in the video, the existence of

such evidence does not alone make a showing of bad faith in the

handling of the proceedings as a whole. <u>See</u> <u>generally</u>, <u>Crenshaw v.</u>

<u>Supreme Court</u>, 170 F.3d 725, 729 (7th Cir. 1999) (noting that to

establish a bad faith exception to <u>Younger</u>, plaintiffs must present

more than mere allegations and conclusions); <u>Harris v. Ruthenberg</u>,

62 F. Supp. 3d 793, 799 (N.D. Ill. 2014) (noting allegations of bad

faith in the handling of exculpatory evidence alone does not equate

to a bad faith handling of the proceedings as a whole); see also, e.g.,

Palmer v. City of Chicago, 755 F.2d 560, 575 (7th Cir. 1985)

(rejecting the plaintiffs' argument that, because the defendants

acted in bad faith by withholding exculpatory evidence contained in

"street files," this constituted extraordinary circumstances to grant

equitable relief).  Further, the mere continuation of a prosecution

does not constitute harassment for, if it did, federal courts would

have to intervene in every ongoing criminal prosecution.  Harris, 62

F. Supp. 3d at 800.

    Dixon has not shown that an extraordinarily pressing need for

immediate relief must be granted to avoid irreparable injury to

himself.  To meet this exception, a plaintiff must show that (1) he

has no state remedy available to meaningfully, timely, and

adequately remedy the alleged constitutional violation; and (2) he

will suffer "great and immediate harm" if the court does not

intervene.  FreeEats.com, Inc., 502 F.3d at 597 (citing Kugler, 421

U.S. at 124-125). Dixon cannot make that showing here.

    Specifically, Dixon can assert in the state court that he is not

the individual on the video of the controlled buy.  Therefore, he has

a state remedy available to meaningfully, timely, and adequately

remedy the alleged constitutional violation. In addition, Dixon has not shown he would suffer great and immediate harm if this Court does not intervene. He is not being detained on these charges, although he is being detained in another case, and does not identify another type of harm. Dixon simply has not shown a pressing need for equitable relief that, if not granted, will irreparably harm him. See, e.g., Bailey v. City of Chicago, No. 14 C 1840, 2014 WL 3865829, at *2 (N.D. Ill. Aug. 6, 2014) (where plaintiff could raise the alleged constitutional violation as a defense to the criminal charges, he had an adequate state remedy and would not suffer immediate harm).

Finally, the third exception does not apply because Dixon does not challenge a provision that is flagrantly unconstitutional.

Therefore, no extraordinary circumstances exist, and Younger abstention is warranted. Because the Court has found that the damages claim is barred by prosecutorial immunity, the Court dismisses—as opposed to stays—the claim for equitable relief. See Lynch v. Nolan, 598 F. Supp. 2d 900, 904 (C.D. Ill. 2009) (noting that claims seeking equitable relief are often dismissed under Younger abstention while claims that cannot be vindicated in the

pending state court proceeding—such as damages claims—are stayed).

## IV. CONCLUSION

For the reasons stated, the Motion to Dismiss (d/e 10) is GRANTED. Dixon's Complaint is DISMISSED without prejudice. Dixon may file an amended complaint on or before August 19, 2019 if he believes he can correct the deficiencies identified herein. If Dixon does not file an amended complaint, the Court will close the case. Dixon's Motion for Discovery (d/e 14) is DENIED AS MOOT.

**ENTERED: August 5, 2019**

**FOR THE COURT:**

s/ Sue E. Myerscough
**SUE E. MYERSCOUGH**
**UNITED STATES DISTRICT JUDGE**